```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-----------------------------------x
MELINDA CMAYLO,                    :
                                   :
            Plaintiff,             :
                                   :
v.                                 : Civil No. 3:07cv01669(AWT)
                                   :
CHELSEA L. GOODMAN and             :
CARL A. GOODMAN,                   :
                                   :
            Defendants.            :
-----------------------------------x
```

### ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT

For the reasons set forth below, defendants' Motion for Partial Summary Judgment (Doc. No. 18) is hereby GRANTED. The substantive law of the state of New York should be applied to the causes of action stated by the plaintiff in her Amended Complaint.

The Connecticut Supreme Court's analysis in <u>Williams v. State Farm Mut. Auto. Ins. Co.</u>, 229 Conn. 359 (1994), is directly on point. In <u>Williams</u>, the court started with a review of its decision in <u>O'Connor v. O'Connor</u>, where the court "expressly abandoned 'categorical allegiance' to the doctrine of lex loci delicti in tort actions. . . . [W]e substituted the 'most significant relationship' analysis of §§ 6 and 145 of the Restatement . . . for the doctrine of lex loci delicti. . . . We therefore applied the law of Connecticut." <u>Williams</u>, 229 Conn. at 371-72.

> In this case, however, an analysis based on the Restatement leads us to apply the law of New York. Section 145 of the Restatement lists the contacts of each jurisdiction that are factors in determining the choice of law under § 6. These contacts include: (a) the place of injury; (b) the place where the conduct causing the injury occurred; (c) the domiciles of the parties; and (d) the place where the relationship, if any, between the parties is centered.

(footnote omitted). Id. at 372.

> In this case, the injury occurred in New York due to conduct occurring in New York. Thus, factors (a) and (b) point toward the application of New York law. According to the Restatement, those two factors are the most significant in determining which state's tort law to apply. As comment (e) to § 145 provides: "When the injury occurred in a single, clearly ascertainable state and when the conduct which caused the injury also occurred there, that state will usually be the state of the applicable law . . . ."[14] Moreover, factor (c) is inconclusive because the plaintiff is domiciled in Connecticut but the tortfeasor carried a California motor vehicle operator's license and registered his car in New York. Finally, factor (d) is irrelevant because there was no relationship between the parties other than the accident. Thus, on the whole, we conclude that New York had the greatest contact with the parties.

---

[14]
> See also § 146 of the Restatement, supra, which provides: "PERSONAL INJURIES
> "In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied."

(footnote omitted).  Id. at 372-73.

Here, factors (a) and (b), which Williams recognizes as the most significant in determining which state's torts law to apply, also point toward the application of New York law.  As to factor (c), while the defendant in Williams had his motor vehicle registered in New York but carried a California motor vehicle operator's license, the defendants here have connections only to New York.  Finally, as in Williams, factor (d) is irrelevant because there was no relationship between the parties other than the accident.

The court in Williams considered, in accordance with § 6 of the Restatement, first, the relevant policy interest of the forum state, i.e., Connecticut, and second, the relevant policy interest of the state with connection to the injury, i.e., New York.  In Williams, the court concluded that Connecticut's interests were sufficiently satisfied by the application of New York law because the plaintiff in Williams was entitled to, and actually received, no-fault insurance benefits, and New York's no-fault insurance minimum was considerably higher than that of Connecticut.  Thus, the court concluded that "Connecticut's concern for the protection of its residents is satisfied in this case if the plaintiff's claim is governed by the law of New York."  Williams, 229 Conn. at 374. As the plaintiff notes, that will not be the case here if New York law is applied.

However, in Williams, the court concluded that "[m]ost important, New York has the greatest contact with the conduct that gave rise to the case." Id. at 375 (emphasis added). This followed the court's analysis of the second factor, in which it recognized that New York has significant relevant policy interests and that "the courts of Connecticut can easily apply the law of New York." Id. But the most significant portion of the Williams analysis, for purposes of this case, is the court's adoption of the conclusions of the courts in State Farm Mut. Auto. Ins. Co. v. Crockett, 163 Cal. Rptr. 206 (Cal. Ct. App. 1980), and Berardi, U.S.A., Ltd. v. Employers Mut. Cas. Co., 526 A.2d 515 (R.I. 1987). In State Farm, the injuries sustained by the plaintiff were insufficient to permit a cause of action under Hawaii no-fault law, but the California Court of Appeals nonetheless concluded that Hawaii law should be applied. In Berardi, "[t]he plaintiff's injuries . . . were insufficient to allow an action in tort under New York's no-fault insurance law." Williams, 229 Conn. at 376. The Supreme Court of Rhode Island nonetheless concluded, after weighing the interests of the two states, that New York law should be applied.

Thus, while the plaintiff contends that O'Connor should always be interpreted to "assur[e] that the plaintiff may avail herself of the full scope of remedies for tortious conduct that Connecticut law affords," O'Connor v. O'Connor, 201 Conn. 632,

657 (1986), the analysis in <u>Williams</u>, which interpreted and applied the principles set forth in <u>O'Connor</u>, suggests otherwise.

It is so ordered.

Signed this 17th day of March, 2009 at Hartford, Connecticut.

                                                 /s/AWT
                                          Alvin W. Thompson
                                    United States District Judge