**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------------x
MELINDA CMAYLO,                     :
                                    :
          Plaintiff,                :
                                    :
v.                                  : Civil No. 3:07cv01669(AWT)
                                    :
CHELSEA L. GOODMAN and              :
CARL A. GOODMAN,                    :
                                    :
          Defendants.               :
------------------------------------x
```

## **RULING RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Melinda Cmaylo has moved for partial summary judgment on the issue of liability against defendants Chelsea L. Goodman and Carl A. Goodman. For the reasons set forth below, the motion for partial summary judgment is being granted.

**I. LEGAL STANDARD**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Richardson v. Selsky, 5 F.3d 616, 620 (2d Cir. 1993). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In reviewing the record, a court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor." Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990). In order to defeat such a motion, the non-moving party must affirmatively set forth facts showing that there is a genuine issue for trial. Anderson, 477 U.S. at 256. An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

**II. FACTS**

The testimony of both plaintiff Melinda Cmaylo and defendant Chelsea L. Goodman demonstrates that the plaintiff's car was stopped at a red light when her vehicle was struck from the rear by the vehicle being operated by Chelsea L. Goodman. Chelsea L. Goodman's testimony establishes that she observed the plaintiff's vehicle while she was at least a car length away, but nonetheless failed to avoid contact with the plaintiff's vehicle even though there was nothing obstructing her view. The undisputed evidence also establishes that Chelsea L. Goodman was operating the vehicle with the consent and permission of defendant Carl A. Goodman.

## III. DISCUSSION

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision." DiFrancesco v. Leonardo, 2009 N.Y. Slip Op 30293U, at * 2, 2009 N.Y. Misc. LEXIS 3861, at *2 (Feb. 5, 2009). "When a driver of a motor vehicle approaches another automobile from the rear he or she is bound to maintain a safe rate of speed and has the duty to keep control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle . . ." Giangrasso v. Callahan, 2010 N.Y. Slip Op 30218U, at *4, 2010 N.Y. Misc. LEXIS 1177, at * 9 (Jan. 13, 2010). The defendants have failed to present a non-negligent explanation of how the collision occurred and have not produced any evidence of negligence on the part of the plaintiff. Consequently, the plaintiff is entitled to summary judgment on the issue of liability against defendants Chelsea L. Goodman and Carl A. Goodman.

The defendants argue that § 5104(a) of Article 51 of the New York Consolidated Laws requires the plaintiff to prove a serious injury as a prerequisite to establishing liability. "There has been a lack of unanimity among the four departments of the Appellate Division as to whether serious injury is a matter of

liability or damages . . ." Van Nostrand v. Froehlich, 44 A.D.3d 54, 59 (N.Y.S.D. 2007). In Van Nostrand, the court explained that "[t]he Second and Third Departments took one position on this issue, while the First and Fourth Departments took a different position, although more recently the First Department appears to have switched sides and has left the Fourth Department standing alone." Id. The court explained the Second Department's analysis, and that of the Fourth Department, as follows:

> This Court has determined that the serious injury threshold is decidedly an issue of damages, not liability. The seminal cases are Perez v State of New York (215 AD2d 740 [1995]) and Zecca v Riccardelli (293 AD2d 31 [2002]). In Perez, the trial court dismissed the plaintiff's complaint at the conclusion of the plaintiff's evidence at a bifurcated liability trial on the ground that the plaintiff failed to prove that he had sustained a serious injury under Insurance Law § 5102. This Court reversed, holding that "the liability phase of a bifurcated trial is not the proper juncture at which to adjudicate issues regarding the severity of . . . injuries" (Perez v State of New York, supra at 741). The Court noted that pursuant to PJI 1:35A (Supp), juries in liability trials are routinely instructed to apportion fault among parties and to determine proximate cause without regard to injuries or medical treatment . . . This Court specifically held that the extent of plaintiffs' injuries, and whether such injuries qualify as serious under the Insurance Law, "should generally be left for the damages phase of the trial" . . .
>
> . . .
>
> The Fourth Department walks a fine line apart from the other departments. Successful fault-based motions for summary judgment in favor of motor vehicle plaintiffs are considered partial summary judgments on the issue of "negligence," as distinguished from "liability" which includes both negligence and serious injury (see Ruzycki

>     v Baker, 301 AD2d 48, 51 [2002]). Parties in the Fourth
>     Department who concede "liability" in motor vehicle
>     actions therefore waive the opportunity to contest
>     serious injury issues (see Simone v City of Niagara
>     Falls, 281 AD2d 923 [2001]).

Id. at 59-62 (citation omitted). Here, the accident at issue occurred in Woodmere, New York, which is within the jurisdiction of the Appellate Division, Second Department. Therefore, the controlling New York law does permit the entry of summary judgment in favor of the plaintiff on the issue of liability.

The defendants rely on Williams v. State Farm Mut. Auto. Ins. Co., 229 Conn. 359 (1994). In Williams, the Connecticut Supreme Court concluded that "[u]nder New York no-fault insurance law, an injured party is not entitled to bring an action in negligence except in the case of 'serious injury,' or 'basic economic loss' in excess of $50,000." Id. at 376. The court notes that it is immaterial whether Williams is at odds with New York law because the court has previously determined that the substantive law of New York should be applied to the plaintiff's causes of action.

Accordingly, the court concludes that the plaintiff has established that she is entitled to summary judgment on the issue of liability against defendant Chelsea L. Goodman and Carl A. Goodman.

**IV. CONCLUSION**

For the reasons set forth above, the plaintiff's Motion for

Partial Summary Judgment (Doc. No. 50) is hereby GRANTED.

It is so ordered.

Signed this 10th day of March, 2011 at Hartford, Connecticut.

                                              /s/AWT
                                    Alvin W. Thompson
                             United States District Judge